IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| HENRIETTA GUTTMAN, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | Civil No. 3:13-00478 |
| | ] | |
| STONEY RIVER LEGENDARY STEAKS | ] | Judge Trauger |
| RESTAURANTS, INC., SRLS LLC 5006, | ] | |
| STONEY RIVER LEGENDARY STEAKS | ] | Magistrate Judge Brown |
| MANAGEMENT COMPANY, LLC., and | ] | |
| STONEY RIVER MANAGEMENT | ] | |
| COMPANY, LLC. | ] | |
| | ] | |
| Defendants. | ] | |

## ~~(PROPOSED)~~ INITIAL CASE MANAGEMENT ORDER

Defendants have been served with the Complaint and the Amended Complaint. An Answer has been filed on behalf of Defendants.

### (a) JURISDICTION

Plaintiffs initially filed suit in the Circuit Court for Davidson County. Defendant removed this case to this Court pursuant to 28 U.S.C. §§ 1331 and 1391(b). The Court has jurisdiction over this action pursuant to provisions of 28 U.S.C. §§ 1331 and 1391(b). Jurisdiction is not disputed.

### (b) THEORIES OF THE PARTIES

1) *Plaintiff*:

The defendants operate this and other restaurants in violation of established accessibility codes adopted by The Nashville Davidson County Codes Administration, specifically 2003

1

ICC/ANSI A-117.1 Accessible and Usable Buildings and Facilities and identical requirements of section 302.2 of the ADA standards for Accessible Design. Specifically the defendants maintain a carpet with unsecured edges in the Hostess/waiting area that patrons use to come into and then leave the restaurant. This decorative carpet constitutes a trip hazard for patrons with physical limitations and/or problems with their gait. The defendants' failure to affix the carpet to the floor, led to this 82 year old plaintiff's fall and femur fracture.

2) *Defendant:*

On the evening in question, the plaintiff had entered the Stoney River Legendary Steaks restaurant on West End Avenue in Nashville, apparently without incident, and had finished a meal at the restaurant. The defendants are unaware of any issues up through the time of her accident. The accident occurred after she had finished her meal and was in the process of exiting the restaurant. She had taken her son's arm and apparently tripped on the edge of a decorative carpet in the foyer area.

Prior to the accident, the restaurant had paid an interior design firm, Trapp Associates, for various interior design services, which included the selection and placement of the carpet in question. The defendants had no information that this carpet violated any laws and still do not have that information. The defendants demand strict proof that any laws, including the ADA-related guidelines cited in the Complaint, apply and were violated. Assuming for the sake of argument that there was a violation, the restaurant reasonably relied on the interior design firm it engaged not to select a decorative carpet that would pose an unreasonable risk of harm or violate any laws.

The restaurant acted with reasonable care at all times. Nothing it did or failed to do breached any duty that was owed to the plaintiff or was the proximate or legal cause of her injuries. The plaintiff failed to see the carpet on which she tripped, and her son, who had undertaken to assist her, was unsuccessful in preventing the fall. The plaintiff's own failure to exercise reasonable care for her own safety, which was an obligation of hers under Tennessee

law at the time of the accident, bars any recovery on her part under the doctrine of comparative fault. Alternatively, the fault of all persons or entities, including the plaintiff herself, her son, and Trapp Associates, must be weighed and apportioned by the trier of fact and a judgment rendered in accordance with Tennessee's doctrine of comparative fault.

### (c) ISSUES RESOLVED

Jurisdiction and venue.

The defendants' Answer states at paragraph 12: "It admitted upon information and belief that the carpet in place on the date of the accident was not secured or fastened to the floor by adhesive material or the like."

### (d) ISSUES STILL IN DISPUTE

Liability and damages.

It appears from the responsive pleadings filed by the Defendants that the material issues raised in the Complaint are still in dispute.

### (e) INITIAL DISCLOSURES

The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before August 19, 2013.

### (f) INSPECTION OF PREMISES

There will be an inspection of premises pursuant to FRCP 34 on the morning of August 19, 2013. The inspection will begin at 9:00 a.m. and will be concluded no later than 10:30 a.m. to accommodate the restaurant's opening time of 11:00 a.m. Said inspection shall include the following:

> Entrances/Exits to Restaurant
> Hostess Station
> Patron Waiting Area
> Carpet in front of Hostess Station

The inspection may also include:

3

1. Photographs
2. Video recording
3. Measurements
4. Touching/Examining the carpet and any furnishings in the area.

### (g) DISCOVERY

There will be an inspection of premises pursuant to FRCP 34 on August 19, 2013. The parties shall complete all written discovery and depose all fact witnesses on or before December 12, 2013. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

### (h) MOTIONS TO AMEND

The parties shall file all Motions to Amend on or before December 16, 2013.

### (i) DISCLOSURE OF EXPERTS

The plaintiff shall identify and disclose all expert witnesses and expert reports on or before December 31, 2013. The defendant shall identify and disclose all expert witnesses and reports on or before March 3, 2014. The plaintiff may amend any expert reports or designate rebuttal experts on or before April 1, 2014, and the defendant may amend any expert reports or designate surebuttal experts on or before April 15, 2014.

### (j) DEPOSITIONS OF EXPERT WITNESSES

The parties shall depose all expert witnesses on or before April 17, 2014 and any rebuttal and/or surrebuttal experts by May 15, 2014.

### (k) JOINT MEDIATION REPORT

The parties shall file a joint mediation report on or before ~~June 16~~ Mar. 6, 2014.

## (l) DISPOSITIVE MOTIONS

The parties shall file all dispositive motions on orbefore June 16, 2014. Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

## (m) ELECTRONIC DISCOVERY

The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

## (n) ESTIMATED TRIAL TIME

The parties expect the trial to last approximately 3 days.

It is so **ORDERED.**

Entered this __2nd__ day of ~~July~~ Aug, 2013.

_____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:

PHILLIP MILLER & ASSOCIATES

/s/
Phillip H. Miller (6845)
631 Woodland Street
Nashville, Tennessee 37206
(615) 356-2000

Attorney for Plaintiff

PARKER, LAWRENCE, CANTRELL & SMITH

/s/
M. Bradley Gilmore (13804)
201 Fourth Avenue North, Suite 1700
Nashville, Tennessee 37219
(615) 915-5227

Attorney for Defendants