UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HENRIETTA GUTTMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:13-cv-478 |
| v. ) | Judge Aleta A. Trauger |
| ) | |
| STONEY RIVER LEGENDARY STEAKS ) | |
| RESTAURANTS, INC., et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Pending before the court are motions by plaintiff Henrietta Guttman seeking leave to amend her Amended Complaint (Docket No. 29) and to file a Motion for Partial Summary Judgment (Docket No. 35). Having reviewed the parties' submissions concerning both motions (*see* Docket Nos. 31, 35, and 36-38), the court has determined *sua sponte* that it appears to lack subject matter jurisdiction over this lawsuit. For the reasons explained herein, the court will order the parties to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

## BACKGROUND

Guttman originally filed this lawsuit in Tennessee state court. While the case was pending in state court, Guttman filed an Amended Complaint, which remains the operative pleading in this case. In the Amended Complaint, Guttman alleged that, on March 10, 2012, after finishing a meal at a "Stoney River" restaurant in Nashville, Tennessee, she tripped on an

1

unsecured carpet at the restaurant, causing her to fall and break her femur.[1] Guttman asserted that the defendant Tennessee companies were liable to her under Tennessee law for negligence and/or negligence *per se*.

With respect to the negligence claim, Guttman alleged that the defendants negligently maintained the unsecured carpet in an area trafficked by restaurant patrons, knew that the carpet could be a trip hazard, and knew that the carpet could have been secured through inexpensive adjustments that the defendants did not undertake. With respect to the negligence *per se* claim, Guttman alleged that the defendants negligently failed to secure the carpet in compliance with the international and domestic industry standard set forth in ICC/ANSI A117.1-2003, which apparently was incorporated and adopted verbatim into both (a) the American with Disabilities Act ("ADA") (*see* ADA Standards for Accessible Design 302.2) and (b) local ordinances of the Metropolitan Government of Nashville and Davidson County ("Davidson County"). Guttman's Amended Complaint alleged that she incurred approximately $130,000 in medical expenses and demanded a total of $700,000 in damages in the *ad damnum* clause.

On May 17, 2013, the defendants removed the case to this court on the basis of federal question jurisdiction, 28 U.S.C. § 1331.[2] Guttman did not move to remand the action. The Initial Case Management Order also indicates that the parties agreed that jurisdiction was proper. (Docket No. 11 at p. 3.)

Guttman now moves the court to permit to her to file a proposed Second Amended

---

[1]The parties now dispute whether the fabric on which she tripped constitutes a "carpet" or a "rug" under the relevant definition(s). For purposes of linguistic simplicity only, the court will refer to the fabric as a "carpet," but the court makes no findings in this regard.

[2]The parties are not diverse for purposes of 28 U.S.C. § 1332(a).

2

Complaint ("Proposed SAC") that (a) conforms the pleadings to the facts, (b) increases the *ad damnum* demand to $1.7 million, and (c) adds a claim under Tenn. Code Ann. 68-120-204, which requires certain public buildings to comply with ADA standards. The parties dispute whether Guttman may increase the *ad damnum* demand, in light of the Tennessee cap on noneconomic damages set forth in Tenn. Code Ann. § 20-39-102, and whether the Stoney River restaurant is subject to the requirements set forth in Tenn. Code Ann. § 29-39-102(d).

Guttman also seeks leave to file a Motion for Partial Summary Judgment on her negligence *per se* claim, asserting that a determination as to whether the defendants violated the ICC/ANSI standard for "carpets" (as incorporated into the ADA and as adopted by Metro Nashville into its ordinances) would demonstrate whether the defendants were negligent *per se*. According to Guttman, resolution of the issue would be "largely dispositive of the liability issues in the case." (Docket No. 32 at p. 2.)

## SUBJECT MATTER JURISDICTION

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708, 710-11 (6th Cir. 2012) (quoting *Answers in Genesis of Ky., Inc. v. Creation Ministries, Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") Also, under 28 U.S.C. § 1448(c), "[i]f it any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See also Wisc. Dep't of Corrs. v. Schact*, 524 U.S. 381, 394 (1998) ("In substance, [§ 1448] differentiates between removals that are defective because of lack of subject matter jurisdiction and removals

3

that are defective for some other reason, *e.g.*, because the removal took place after relevant time limits had expired. For the latter kind of case, there must be a motion to remand filed no later than 30 days after the filing of the removal notice, § 1447(c). For the former kind of case, remand may take place without [] a motion and at any time.")

Under 28 U.S.C. § 1441(a), a defendant may remove from state court "any civil action of which the district courts of the United States have original jurisdiction[.]" "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law. The 'well pleaded complaint' rule is the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts." *Metro. Life Ins. Co.*, *v. Taylor*, 481 U.S. 58, 63 (1987); *Hampton*, 683 F.3d at 711 ("Since a defendant may remove a case only if the claim could have been brought in federal court, . . . the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'") (quoting *Merrell Dow Pharm, Inc.*, *v. Thompson*, 478 U.S. 804, 808 (1986)). Here, the case was removed based on the allegations in the Amended Complaint. Therefore, before addressing the proposed amendments in the Proposed SAC, the court must address whether it has subject matter jurisdiction over this case based on the operative Amended Complaint allegations on which removal to this court was originally based.

## ANALYSIS

The Sixth Circuit has observed that a federal court has "arising under" jurisdiction under 28 U.S.C. 1331 in either of two circumstances: (1) the cause of action is created by federal law; or (2) one or more state law claims "implicate significant federal issues." *Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708, 712 (6th Cir. 2012) (quoting *Grable & Sons Metal*

4

*Prods., Inc. v. Darne Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)); *see also Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Guttman's Amended Complaint does not assert a cause of action created by the ADA.[3] Therefore, the court lacks federal question jurisdiction, unless one or more of the Tennessee state law claims at issue "implicate significant federal issues." *Hampton*, 683 F.3d at 712.

In Tennessee, a claim of negligence *per se* requires a plaintiff to prove that the defendant: (1) violated a statute, ordinance, or regulation that requires or prohibits a particular act for the benefit of the plaintiff or the general public; (2) that the injured person was within the class of individuals the legislature intended to benefit and protect by enacting the statute, ordinance, or regulation; and (3) that the defendant's negligence was the proximate cause of the injured party's injury. *Smith v. Owen*, 841 S.W.2d 828, 831 (Tenn. Ct. App. 1992); *Estate of French v. Stratford House*, 333 S.W.3d 546, 560-61 (2011). The negligence *per se* doctrine applies not only to violations of statutes, but also to violations of regulations and ordinances, "so long as the statute/regulation/ordinance was designed to impose a duty or prohibit an act for the benefit of a person or the public and the injured party was within the class of individuals the statute was meant to protect." *Abeyta v. HCA Health Servs. of Tenn., Inc.*, 2012 WL 5266321, at *10 (Tenn. Ct. App. Oct. 24, 2012) (citing *Estate of French*, 333 S.W.3d at 561). Not every violation amounts to negligence *per se*, so courts "must ultimately decide whether they will adopt a statutory standard to define the standard of conduct of reasonable persons in specific

---

[3]Under Title III of the ADA, plaintiffs may sue for injunctive relief for violations of ADA requirements concerning public accommodations. However, Guttman has not filed this action under Title III, and such plaintiffs may not recover monetary damages in any case – precisely the relief that Guttman seeks here. *See Southwell v. Summit View of Farragut, LLC*, 494 F. App'x 508 (6th Cir. 2012).

5

circumstances." *Estate of French*, 333 S.W.3d at 561. "[T]he effect of declaring conduct negligent *per se* is to hold that the conduct is negligent as a matter of law, thus requiring the plaintiffs to prove only proximate and actual causation and damages." *Id.*

With respect to Guttman's negligence *per se* claim, the only potential federal issue is whether the defendants' alleged failure to comply with the ICC/ANSI, as incorporated into the ADA and local ordinances, establishes a claim for negligence *per se*.

Here, it appears that Guttman's references to the ADA do not establish subject matter jurisdiction for at least two reasons. First, the Sixth Circuit has found that, where a plaintiff asserts a "garden-variety state tort claim" alleging that a defendant's violation of federal statutes and regulations establishes presumptive liability under state law, the cause of action does not present a "substantial federal issue" for purposes of federal subject matter jurisdiction. *Hampton*, 683 F.3d at 713; *see also Hudson v. AJS Assocs*, 2008 WL 5214203, at *3 (M.D. Tenn. Dec .12, 2008) (holding that, where plaintiff alleged Tennessee negligence *per se* claim premised on personal injuries caused by defendant's alleged failure to comply with ADA, the case did not present a federal question); *Fochtman v. Rhino Energy, LLC*, 2013 WL 5701468, at *1 (E.D. Ky. Oct. 17, 2013) (finding federal subject matter jurisdiction lacking, where plaintiff alleged negligence *per se* claim premised on Kentucky statutory and regulatory provisions incorporating federal law, including Federal Motor Carrier Safety Regulations).[4] Second, as the court construes

---

[4] In *Mikulski v. Centerior Energy Corp.*, the Sixth Circuit articulated a three-part test for determining whether a state law claim sufficiently presents a federal question for purposes of federal subject matter jurisdiction: (1) the state law claim must necessarily raise a disputed federal issue; (2) the federal interest in the issue must be substantial; and (3) the exercise of jurisdiction must not disturb any congressionally approved balance of federal and state judicial responsibilities. 501 F.3d 555 (citing *Grable*, 545 U.S. at 319).

6

Guttman's position, it is not clear that the negligence *per se* claim necessarily turns on a construction of the ADA in the first place, because both the ADA provision and the Metro Nashville ordinance relating to "carpets" were themselves drawn verbatim from the ICC/ANSI definition. Assuming that the defendants were obligated to comply with Metro Nashville's building codes (a point that the defendants do not appear to dispute), the negligence *per se* claim presumably could proceed by reference only to the Metro Nashville ordinance that incorporates the same ICC/ANSI definition as the ADA. *See Mikulski*, 501 F.3d at 568 (stating that the state-law claim must necessarily raise a disputed federal issue to support federal jurisdiction).[5]

The court recognizes that the parties have already devoted significant resources to this case. However, it would not be in the interest of judicial economy – nor would it benefit the parties – for this case to proceed further in this court, only to have the court or the Sixth Circuit (after judgment) later determine that subject-matter jurisdiction was lacking in the first place. The Sixth Circuit decision in *Hampton* is instructive. In *Hampton*, the plaintiff filed a lawsuit in Kentucky state court against the owners of a train into which her car crashed at a railway crossing. 683 F.3d at 710. The plaintiff alleged that her injuries were caused by the train owners' negligent failure to comply with federal and state statutes relating to railroad safety and railroad crossing warnings. *Id.* The defendants removed the case to federal court, the plaintiff did not move to remand, the district court never considered its own subject matter jurisdiction, and the court ultimately granted summary judgment to the defendants. *Id.* After the plaintiff

---

[5]The court is not suggesting that a violation of that provision in the ADA is not relevant and/or potentially actionable as a Tennessee negligence *per se* claim – issues on which the court makes no findings; instead, the court is merely suggesting that the claim may not necessarily require a finding that the ADA was violated.

7

appealed, the parties argued the merits of the summary judgment order to the Sixth Circuit. Although neither party had raised the issue in their merits briefs, the Sixth Circuit, acting *sua sponte*, questioned whether the case presented a basis for federal question jurisdiction, and accordingly the Sixth Circuit ordered the parties to file supplemental briefs concerning that issue. *Id.* at 710-11. The Sixth Circuit determined that the plaintiff's causes of action (1) did not "arise under" federal law; and (2) did not involve "significant federal issues," because they were "garden-variety" Kentucky tort claims that simply bootstrapped federal standards. *Id.* at 712. As the Sixth Circuit stated, "'[f]inding a state law negligence claim removable on the sole basis that the violation of a federal statute creates a presumption of negligence under state law would flout, or at least undermine, congressional intent, and would herald a potentially enormous shift of traditionally state cases into federal courts." *Id.* (citing *Merrell Dow*, 478 U.S. at 812, and *Grable*, 545 U.S. at 319). According, the Sixth Circuit found "no basis for federal jurisdiction" and that, as a consequence, the case had been improperly removed to federal court in the first place. *Id.* at 714. Thus, the court ordered that the case be remanded to Kentucky state court, "despite the time, effort, and money that unfortunately have been wasted on litigating this matter . . . ." *Id.*

    **C.**  **Request to Add a Claim under Tenn. Code Ann. § 68-120-204(a)(1)**

  Tenn. Code Ann. § 68-120-204(a)(1), effective February 23, 2012, provides that certain public buildings must be designed and constructed in accordance with the 2010 ADA Standards for Accessible Design and amendments or supplements thereto. Here, Guttman proposes to add a claim that the defendants were negligent *per se* because they failed to comply with the ADA in violation of the Tennessee statute, thereby causing her injuries.

8

The court's obligation is to assess whether removal was proper and whether this court has jurisdiction based on allegations in the operative Amended Complaint. Therefore, if the court lacks subject matter jurisdiction, then the court must remand the case immediately, the Motion for Leave to Amend is moot, and it would be irrelevant whether a proposed claim under Tenn. Code Ann. § 68-120-204(a)(1) presents a federal question over which this court has original jurisdiction. At any rate, even if the court were to consider the proposed claim in its jurisdictional analysis, the court would lack subject matter jurisdiction over that claim for essentially the same reasons discussed in the previous section.[6]

## CONCLUSION

For the reasons stated herein, the parties will be ordered to show cause why the case should not be remanded to Tennessee state for lack of subject matter jurisdiction.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge

---

[6] The court makes no finding as to whether the statute actually applies to the restaurant at issue in the first place.